**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMEN KITAPSZYAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-70900<br><br>Agency No. A098-822-196<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Armen Kitapszyan, native and citizen of Armenia, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming an immigration

judge's (IJ) denial of his applications for asylum, withholding of removal, and

protection under the Convention Against Torture (CAT) based upon Kitapszyan's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lack of credibility.[1]  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Kitapszyan's vague and implausible testimony.  *See id*. at 1048  (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances" standard); *see also Singh-Kaur v. I.N.S.*, 183 F.3d 1147, 1152-53 (9th Cir. 1999) (upholding adverse credibility finding based on petitioner's testimony that was inconsistent, implausible, and lacking in specificity).  In particular, the IJ found Kitapszyan's testimony regarding the circumstances surrounding his coerced conversation with the second investigator implausible. Kitapszyan provided several contradictory explanations as to why he spoke with the investigator, all of which the IJ rejected.  The IJ was permitted "to exercise common sense in rejecting a petitioner's testimony," *Jibril v. Gonzales*, 423 F.3d

---

[1] Kitapszyan also appeals the BIA's alternative holding that he failed to show that his persecution was based on a protected ground.  Because we hold that there is substantial evidence to support the agency's adverse credibility finding, we need not address this claim.

1129, 1135 (9th Cir. 2005), as long as Kitapszyan was afforded an opportunity to explain. *See Quan v. Gonzales*, 428 F.3d 883, 886 (9th Cir. 2005) (A petitioner's "unclear testimony may not serve as substantial evidence for an adverse credibility finding when an applicant is not given the chance to attempt to clarify his or her testimony."). The IJ also found Kitapszyan's testimony regarding the June political meeting he attended to be vague. Kitapszyan was unable to provide specific testimony with regard to the purpose of the meeting, including which election was upcoming. The IJ can base an adverse credibility finding on vague or unresponsive testimony, as long as Kitapszyan was afforded an opportunity "to clarify his . . . testimony." *See Guo v. Ashcroft*, 361 F.3d 1194, 1200 (9th Cir. 2004); *Singh-Kaur*, 183 F.3d at 1153. The IJ afforded Kitapszyan an opportunity to clarify and explain his testimony. The agency's findings based on the record do not compel a contrary result. *See Lata v. I.N.S.*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, his asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Kitapszyan's CAT claim also fails. Although "[a]n adverse credibility determination is not necessarily a death knell to CAT protection," where, as here, Kitapszyan's testimony was found not credible, to reverse the BIA's decision, we "would have to find that the reports alone compelled the conclusion that

-3-

[Kitapszyan] is more likely than not to be tortured." *Shrestha*, 590 F.3d. at 1048-49 (citation omitted). Kitapszyan's CAT claim is based on the same statements found not credible, and he points to no other evidence in the record to compel the finding that it is more likely than not he would be tortured by or with consent or acquiescence of a public official in Armenia. *See Farah*, 348 F.3d at 1156-57. The country reports do not establish a sufficiently particularized likelihood that Kitapszyan would suffer torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051-52 (9th Cir. 2008) (per curiam) (holding that reports describing the ongoing struggle between the Nepalese government and the Maoists do not show petitioner "would face any particular threat of torture beyond that of which all citizens of Nepal are at risk").

**PETITION FOR REVIEW DENIED.**